# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GERALD ANDREWS, : | |
|     Petitioner : | |
| : | No. 1:19-cv-193 |
| v. : | |
| : | (Judge Rambo) |
| PENNSYLVANIA BOARD OF : | |
| PROBATION AND PAROLE, *et al.*,: | |
|     Respondents : | |

## **MEMORANDUM**

Presently before the Court are *pro se* Petitioner Gerald Andrews ("Petitioner")'s petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1), Respondents' response thereto (Doc. Nos. 18, 19), and Petitioner's traverse (Doc. No. 22). In his § 2254 petition, Petitioner challenges an October 22, 2018 decision by the Pennsylvania Board of Probation and Parole ("PBPP") to deny him parole. (Doc. No. 1.) In an Order dated February 10, 2020, the Court directed Petitioner to show cause why his § 2254 petition should not be dismissed as moot because Petitioner had updated his address to indicate that he is now residing in Philadelphia and because the Department of Corrections ("DOC")'s inmate locator indicated that Petitioner is no longer incarcerated at a DOC facility. (Doc. No. 27.) Despite receiving an extension of time (Doc. Nos. 28, 29), Petitioner has not responded to the Court's Order. For the following reasons, the Court will dismiss as moot Petitioner's § 2254 petition.

## I. BACKGROUND

Petitioner initiated the above-captioned case while he was still incarcerated at the State Correctional Institution Smithfield in Huntingdon, Pennsylvania ("SCI Smithfield"). At that time, Petitioner was serving a four (4) to eight (8) year term of imprisonment for carrying a firearm without a license and being a person not to possess firearms. (Doc. No. 18, Ex. A.) The DOC calculated Petitioner's minimum sentence date to be February 1, 2019, and his maximum sentence date to be February 1, 2023. (*Id.*) On October 22, 2018, the PBPP denied Petitioner parole. (*Id.*, Ex. B.) The PBPP's decision indicated that it would review Petitioner's file in or after October 2019. (*Id.*) Petitioner filed his § 2254 petition on February 4, 2019. (Doc. No. 1.) He alleges that the PBPP's denial of parole violated his due process rights as well as his rights under the Eighth Amendment. (*Id.*) As relief, Petitioner requests that be granted parole. (*Id.*)

## II. DISCUSSION

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 may be brought by "a person in custody pursuant of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Moreover, Article III of the Constitution provides that the "judicial power shall extend to . . . cases . . . [and] to controversies." U.S. Const. Art. III, § 2. Thus, federal courts are restricted to adjudicating "actual, ongoing cases

or controversies." *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 193 (3d Cir. 2001). "If developments occur during the course of adjudication that eliminate a [petitioner's] personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 2001). Consequently, in the absence of continuing collateral consequences, a federal district court does not have jurisdiction to review moot habeas claims. *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (noting that "[m]ootness is a jurisdictional question"). The petitioner bears the burden of demonstrating that collateral consequences exist to avoid having the case dismissed as moot. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

As noted above, in his § 2254 petition, Petitioner requests that the Court grant him parole. (Doc. No. 1.) Petitioner's release on parole, therefore, renders his § 2254 petition moot unless he can demonstrate "continuing collateral consequences sufficient to meet Article III's 'case or controversy' or 'injury' requirement." *Gilliam*, 2018 WL 6492964, at *2. Collateral consequences refer to those "consequences with negligible effects on a petitioner's physical liberty of movement." *Virsnieks v. Smith*, 521 F.3d 707, 718 (3d Cir. 2008). While the Supreme Court will presume that "a wrongful criminal conviction has continuing collateral consequences," *Spencer*, 523 U.S. at 8, courts will not do so when the petitioner is challenging the denial of release on parole, *id.* at 14. Thus, Petitioner

3

"must demonstrate that he has suffered or is threatened with an actual injury . . . that can be redressed by a favorable decision here." *Okereke v. United States*, 307 F.3d 117, 121 (3d Cir. 2002). Petitioner failed to respond to the Court's February 10, 2020 show cause Order and, therefore, has not demonstrated that collateral consequences exist such that his § 2254 petition should not be dismissed as moot.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c)(1)(A), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding initiated pursuant to 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In the case at

bar, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, the Court will not issue a COA in this case.

## IV. CONCLUSION

For the following reasons, Petitioner's § 2254 petition (Doc. No. 1) will be dismissed as moot. A COA will not issue. An appropriate Order follows.

s/ Sylvia H. Rambo  
United States District Judge

Dated: March 23, 2020